**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| KOCH MATERIALS COMPANY,            ) | |
|                                    ) | |
|                 Plaintiff,         ) | **CIVIL ACTION** |
|                                    ) | |
| v.                                 ) | No. 04-1310-MLB |
|                                    ) | |
| TRIGEANT EP, LTD. AND              ) | |
| TRIGEANT HOLDINGS, LTD.,           ) | |
|                                    ) | |
|                 Defendants.        ) | |

**MEMORANDUM AND ORDER**

Before the court are the following:

1. Plaintiff's motion to certify judgment as final (Docs. 25 and 26);

2. Defendants' response (Doc. 33); and

3. Plaintiff's reply (Doc. 39).

On January 13, 2005, this court granted plaintiff's motion for partial summary judgment. (Doc. 18.) Plaintiff now seeks an order certifying that judgment as final. Fed. R. Civ. P. 54(b) governs the entry of final judgments in multi-claim or multi-party litigation:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The Supreme Court has not identified what constitutes a claim for relief within the meaning of the Rules, but has determined that "a complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief." Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 744, 96 S.Ct. 1202, 1206 (1976). The complaint has requested that Koch "recover from Trigeant EP, LTD. and Trigeant Holdings, LTD., actual damages for breach of contract and for fraud. . . ." (Doc. 1 at 8.) Plaintiff did not set out a separate breach of contract claim for each alleged breach under its agreement with defendant.

"In making the determination required by Rule 54(b), the district court must first ascertain whether the judgment is final." Wheeler Machinery Co. v. Mountain States Mineral Enterprises, Inc., 696 F.2d 787, 789 (10th Cir. 1983)(citing Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 7, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980). In determining whether a judgment is final, the court cannot treat as final that which is not final within the meaning of 28 U.S.C. § 1291. Id. (citing Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 437, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (1956). "To be final, the judgment must be an ultimate disposition of an individual claim entered in the course of a multiple claims action." Id. (quoting Curtiss-Wright, 446 U.S. at 7 (internal quotations omitted).

In Wheeler, the Tenth Circuit held that the judgment was not final since it was only a determination of liability and partial damages. Similar to Wheeler, this court has not disposed of plaintiff's entire breach of contract claim. The court has only determined that defendants defaulted in performance and had not earned

-2-

1.8 million of the Pre-Paid Thru-Put Fees.  Plaintiff's own filings demonstrate that the breach of contract claim has not been completely disposed of.[1]  Additionally, plaintiff's demands for lost profits and attorney's fees have not been addressed.

Plaintiff asserts that the court must look at "(1) the factual overlap (or lack thereof) between the claims disposed of and the remaining claims, and (2) whether the claims disposed of and the remaining claims seek separate relief."  Oklahoma Turnpike Authority v. Bruner, 259 F.3d 1236, 1242 (10th Cir. 2001).  Plaintiff has skipped over the first step necessary in the analysis, a finding that the order is final withing the meaning of 28 U.S.C. § 1291, and proceeded to the second inquiry -- whether the claim is separable from the remaining claims and, therefore, final for purposes of Rule 54(b).[2]  However, the court cannot make a separability inquiry unless the claim is final withing the meaning of 28 U.S.C. § 1291.

Plaintiff cites Miller v. Cudahy, 592 F. Supp. 976 (D. Kan. 1984), for the proposition that "case law supports a practical, not rigid, approach to Rule 54(b)."  In Miller, the court certified the order as final pursuant to rule 54(b) after resolving the liability and damages issues.  However, the court reserved judgment on the

---

[1] Plaintiff has filed a second motion for partial summary judgment seeking an award of 2.7 million for a violation of a separate provision of the contract.  (Doc. 24.)  Plaintiff has not explained its reasons for splitting its dispositive motions.

[2] Had plaintiff formed its complaint as two distinct separate causes of action, the court might have been able to determine that the breach of the terminalling agreement was final within the meaning of 28 U.S.C. § 1291 and then proceed to address the separability issue.  However, plaintiff has not formed its complaint in this manner.

issues of punitive damages and remedial work.  See id.  Unfortunately for plaintiff, in an unpublished opinion, the Tenth Circuit ruled that the court's "judgment was not a final judgment under 28 U.S.C. § 1291."  Miller v. Cudahy Co., 656 F. Supp. 316, 325 (D. Kan. 1987)(citing Miller v. Cudahy, No. 85-1450 (10th Cir., unpublished, January 31, 1986).

The Tenth Circuit has yet to determine that a decision that failed to resolve one or more remaining issues in one single claim is final under 28 U.S.C. § 1291.  This court's order cannot be considered final since the judgment rendered only addressed part of the relief requested by plaintiff as to its breach of contract claim. "Accordingly, there can be no certification of such a partial summary judgment pursuant to Rule 54(b)."  Id.  Plaintiff's motion to certify the judgment is DENIED.

IT IS SO ORDERED.

Dated this 21st  day of March 2005, at Wichita, Kansas.

s/ Monti Belot

Monti L. Belot

UNITED STATES DISTRICT JUDGE