# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KOCH MATERIALS COMPANY,   )
                          )
              Plaintiff,  )
                          )
v.                        )   Case No. 04-1310-MLB-DWB
                          )
Trigeant EP, LTD., et al. )
                          )
              Defendants. )
_____)

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Leave to File an Amended Complaint to Add Party Defendants and to Add Additional Claims (Doc. 44), seeking to add six defendants, assert claims for negligent misrepresentation, request punitive damages, and clarify its fraud claims from the original complaint. Defendants filed a response (Doc. 47), arguing only that adding claims against the six individual defendants would be futile. Plaintiff filed a reply. (Doc. 51.) The Court has reviewed the briefs and is prepared to rule.

## BACKGROUND

Plaintiff Koch Materials Company ("Koch") filed suit against Defendants Trigeant EP LTD. and Trigeant Holdings LTD. (collectively "Trigeant") in state

court alleging breach of contract and fraud claims[1] arising out of a terminalling agreement between the parties ("Koch-Trigeant Agreement").  Under the agreement, Trigeant was to provide certain terminalling services and facilities for a period of nine years.  At the time the Koch-Trigeant Agreement was negotiated and executed, Trigeant was leasing the relevant terminalling facilities from non-party El Paso Merchant Energy-Petroleum Company ("El Paso").

In the Koch-Trigeant Agreement, executed in February 2004, Trigeant made certain representations regarding the status of its relationship with El Paso, including (1) that there were no pending or threatened lawsuits, disputes or disagreements concerning the terminalling facilities, (2) there were no pending or threatened lawsuits, proceedings or claims of any type against Trigeant, and (3) Trigeant was not in breach of any obligation of the lease.

At some point, El Paso evicted Trigeant and forced Koch to vacate the facilities.  Koch alleges that as early as September 19, 2003, approximately five months before execution of the Koch-Trigeant Agreement, El Paso placed Trigeant on notice that Trigeant was in default of its lease obligations.  Koch filed suit

---

[1] Trigeant contends that Koch failed to adequately allege a fraud claim in its initial state court petition because it did not plead fraud with particularity. However, if the state court petition was lacking, any deficiency is cured by the clarification in Count III of the amended complaint, which portion is not challenged by Trigeant.

2

against Trigeant for breach of contract and fraud.

The proposed amended complaint seeks to add six defendants, all of whom are representatives, executives, officers, and/or owners of Trigeant. Koch alleges that these Defendants made and/or sanctioned the alleged fraud (Counts IV and V) or negligent misrepresentations (Count VI) upon which the original state court petition was based. The proposed amended complaint also seeks to add a claim for constructive trust (Count VII), for punitive damages (Count VIII), and clarify the fraud claims against Trigeant from the state court petition (Count III). The latter three changes are not seriously opposed by Trigeant and are, therefore, GRANTED. The only remaining question is whether the Court should grant Plaintiff leave to amend to add claims against the six individual defendants. Trigeant argues that the claims alleged against the individual defendants are futile. The Court disagrees.

## DISCUSSION

Fed. R. Civ. P. 15(a) provides that leave to amend shall be freely given when justice so requires. In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should, as the rules require, be freely given. ***Foman v.***

*Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

A district court is justified in denying a motion to amend as futile, however, if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim. *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992). A court may not grant dismissal "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). For purposes of this motion the Court must accept as true all well-pleaded facts and view those facts in the light most favorable to Koch. *See **Jefferson County Sch. Dist. Dist. No. R-1 v. Moody's Investor's Servs. Inc.***, 175 F.3d 848, 855 (10th Cir. 1999) (interpreting the standard for a motion to dismiss).

Under Kansas law "[a]n officer of a corporation is personally liable for wrongful actions of that corporation if he approved or sanctioned the action . . . [or] if he is personally guilty of making false representation[s] as to material matters in connection with the corporation's action." *State ex rel. Stephan v. Commemorative Servs. Corp.*, 16 Kan. App. 2d 389, 400 (1991).

While acknowledging that corporate officers or directors may be liable for

4

fraud of their corporation under certain circumstances, Trigeant challenges whether Plaintiff has alleged sufficient participation by the six individual defendants to hold them liable for the fraud or negligent misrepresentation claims.  Thus, the Court will only consider whether Koch has pleaded that the individual defendants actually made, approved or sanctioned the allegedly false misrepresentations as required by **Commemorative Servs. Corp.**

Count IV of the proposed amended complaint alleges, among other things, that two of the individual defendants sought to be added, Arthur Brass and Robert Stefans, Jr., "made certain representations to [Koch]" and "knew or should have known that some of the representations and warranties they made were false." (Doc. 45, Ex. 5 at ¶ 42–43.)  Accepting the allegations as true, Koch has stated a valid basis for holding Brass and Stefans personally liable because they actively participated in the fraud, and Count IV is not futile.

Count V of the proposed amendment alleges, among other things, that Brass, Stefans[2] and the other four individual defendants, Harry Sargeant, Jr., Harry Sargeant, III, Daniel Sargeant, and James Sargeant "may have actively participated

---

[2] Claim V reasserts the fraud claims against Brass and Stefans based upon their active participation in making the fraudulent statements, using language similar to that in Claim IV.  Those claims are valid, although perhaps redundant, for the same reasons as stated above in the Court's consideration of Count IV.

5

in the negotiation of the [Koch-Trigeant] Agreement, on information and belief, all of them approved or sanctioned the fraud and misrepresentation of the Trigeant Parties." Defendants argue that the equivocal "may have" language makes the claim futile. However, Defendants fail to recognize that the second clause, alleging that the four individual Defendants "approved or sanctioned" the fraud, provides the basis for individual liability without the equivocal language.[3] Construing the allegations in a light most favorable to Plaintiff, the court cannot find that it appears beyond doubt that the Plaintiff can prove no set of facts in support of its claims which would entitle it to relief. Therefore Count V is not futile.

Count VI alleges that all six individual Defendants "made, approved or sanctioned" the false representations and warranties of Trigeant and failed to exercise reasonable care in obtaining or communicating those false representations to Plaintiff. Accepting these allegations as true, Koch has stated a valid basis for holding the individual Defendants liable on the basis of negligent misrepresentation. Count VI is not futile.

---

[3] The Court does not determine whether the equivocal "may have" language would make the claim futile in the absence of the second clause.

# CONCLUSION

Trigeant does not challenge Koch's motion for leave to amend the complaint, except to resist Koch's attempt to add claims against the six individual defendants, who are owners, representatives, and agents of Trigeant.  The Court rejects Trigeant's argument that Koch's fraud and negligent misrepresentation claims are futile because the individual defendants cannot be held liable for acts of the corporation.  Koch has sufficiently alleged that the individual Defendants either actively participated in or approved or sanctioned the fraud such that, if proven, they would be liable for their own torts.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint to Add Party Defendants and to Add Additional Claims (Doc. 44) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff shall file the Amended Complaint attached as Exhibit "C" to Plaintiff's Memorandum in Support of Motion to Amend (Doc. 45) within ten (10) days of the entry of this Order.

Dated at Wichita, Kansas on this 18th day of April, 2005.

   s/ Donald W. Bostwick
DONALD W. BOSTWICK
United States Magistrate Judge